### JOHN H. YOUNG vs. ELIJAH S. DURGIN.

Notice to an indorser of the dishonor of a promissory note may be addressed to him by mail at the town of his actual residence at the time, though not the place of his domicil.

If, on the trial of an action against the indorser of a promissory note, the evidence is conflicting, and the judge gives instructions, which are not excepted to, as to what constitutes due diligence, and the duty of the holder, not knowing the residence of the indorser to make inquiry and of whom, his refusal to instruct the jury as to the effect of parts of that evidence is no ground of exception.

SHAW, C. J. This action is in contract by indorsee against indorser of a promissory note, and it turns upon the question whether due notice of dishonor was given to the indorser, or due diligence used by the agents of the holder to ascertain the actual place of abode of the indorser at the time the note fell due.

The note was payable at a bank in Boston; and the dishonor by the maker was proved by the fact that presentment was made at the bank on the day of its maturity, and no person was there to pay it, and no funds placed in the bank to pay it with.

The plaintiff was not the holder at the time of the maturity of the note; he and the defendant were both indorsers. The plaintiff, subsequent in order to the defendant, made it his own by taking it up as indorser, after dishonor and due notice to himself. The plaintiff therefore does not rely upon any notice which he himself gave to the defendant, for he gave none; but he relies upon the rule and practice that when the holder gives due notice to the indorsers, where there are several, any subsequent indorser, paying the note, may avail himself of the notice thus given by the holder, at the time of the dishonor, to enable him to recover of a prior indorser thus notified. The true question therefore is, whether the notice given by the bank, by their notary, addressed to the defendant at Charlestown, was notice to him under all the circumstances, or indicated that he used sufficient reasonable care and diligence in making inquiries as to his residence, and acted under an honest mistake.

There is another important consideration. The diligent inquiry to be made respecting the abode of the indorser, in order to give him notice, is a very different thing from that made with a view to find the place of abode or of business of a promisor, in order to demand payment. The demand must be made of the latter in person, or at his actual place of abode or place of business. But the note being dishonored, the indorser living in another town, all that is required is that the notice by mail be addressed to the indorser at the town in which he then actually resides. If that is rightly directed, it is quite immaterial in what house he lives or boards, or in fact resides.

It appears that the notary, after inquiry, and according to the best intelligence he could get, addressed his letter to the defendant at Charlestown. He inquired, amongst others, of the plaintiff, to whom the defendant then stood as prior indorser. He had no interest to mislead the notary; on the contrary, his interest was to enable the notary to give the defendant such notice as would charge him.

Then as to the fact where the defendant's actual place of abode was, the evidence left it very uncertain, and strongly tended to show that from June to October the defendant was frequently shifting from place to place with different declared intentions. The note became due about the last of July. His acts and declarations as to his actual and intended residence were competent. The point of inquiry for the jury was whether he had ceased to have his actual abode at Littleton, and if so, where it was proper to direct a letter to him.

In looking at the defendant's exceptions, it appears to the court that the instructions prayed for were respecting matters of fact and not matters of law.

The first perhaps is an exception. It is this : The defendant asked the court to instruct the jury that if the defendant's domicil was not in Charlestown the notice was insufficient. Such an instruction would have been clearly wrong. It is no question of domicil, but of actual residence and abode, which may be very different from one's domicil.

All the other instructions requested are founded upon the assumption of taking certain parts of the evidence and asking the court from them to direct the jury to draw certain conclusions. Such a mode of taking exceptions is altogether irregular. It assumes the very conclusions which the jury are to draw, not from separate portions of the evidence, but from all the evidence in the case.

The court refused to give the instructions in the form requested, and instructed the jury as to what constituted due diligence, and the duty of the holder not knowing of the residence of a party to make inquiry, and of whom.

The court are of opinion that these instructions were rightly refused; and that if the defendant objected to the rules of law prescribed by the court for the government of the jury, the exceptions should have been taken to those instructions. This court must presume that all directions of the judge at the trial. in matters of law, not excepted to, were correct.

*Exceptions overruled.*

*G. W. Searle & L. Gray,* for the defendant.

*G. T. Angell,* for the plaintiff, was stopped by the court.